## MOSES CALL *vs.* NATHANIEL M. PIKE.

### Lincoln. Decided May 31, 1878.

*Justice of the peace. Witness. Evidence.*

The mittimus of a justice of the peace, reciting all the acts, facts and circumstances which would amount to a contempt on the part of a witness, duly summoned and refusing to give his deposition before such justice in a pending case, is *prima facie* a justification for his commitment to jail for such contempt, although it is not therein stated that such justice was not interested, nor then nor previously counsel in the cause.

If a party relies upon such personal disqualification of the magistrate, the burden is upon him to establish it by proof, and not upon the magistrate to prove a negative.

Under R. S., c. 107, § 29, which has relation to R. S., c. 82, § 91, a justice of the peace may lawfully fine a recusant witness guilty of such contempt not exceeding twenty dollars, and commit him to the county jail until such fine and costs of commitment are paid.

A party, called as a witness by his opponent to testify to a fact material to the issue, may be asked whether he has ever stated such fact to anybody, although he has, in answer to previous questions, denied his knowledge of its existence. In this respect, a party stands on a different footing, as to the course of examination, from a witness who is not a party. Proof may be given of his admissions, as substantive evidence.

ON EXCEPTIONS.

TRESPASS, for illegal arrest and imprisonment.

Plea: The general issue and brief statement justifying, as a justice of the peace, committing the plaintiff by a mittimus to the jail at Wiscasset, because, in substance, after refusing to appear and being brought before the defendant on a capias to give his deposition in a pending cause, and refusing to answer questions propounded, he was sentenced, for contempt, to pay a fine of $20, and was committed for refusal.

The plaintiff's position was that the defendant had no jurisdiction as a justice, because he was a cousin to Cotton, the plaintiff in the action in which the deposition was to be used.

At the trial, the plaintiff put in the warrant of commitment, which recited facts and circumstances amounting to a contempt, but did not state that the justice was not interested, nor then nor previously counsel, in the cause in which the deposition was to be used. The presiding justice instructed the jury that the warrant of commitment made out a justification, because the papers put in showed that it was done by the defendant's authority as a justice of the peace, and upon ground within his jurisdiction and in which he had a right to act, and that the papers being all right showed that he had jurisdiction, unless there was some fact outside negativing jurisdiction.

Pike, the defendant, was called by the plaintiff to prove the relationship, and asked by him this question: Have you ever stated to anybody that he, Henry P. Cotton, was your cousin; and the question was excluded.

The verdict was for the defendant; and the plaintiff alleged exceptions.

*O. D. Baker*, with *B. F. Smith*, for the plaintiff.

*A. P. Gould & J. E. Moore*, for the defendant.

BARROWS, J. To prove the trespass alleged against the defendant, the plaintiff offered in evidence a mittimus, signed by the defendant as a justice of the peace, reciting all the acts and circumstances, which, if the justice was authorized by law to take the deposition therein mentioned, would amount to a contempt on the part of the plaintiff in refusing, though duly summoned, to give his deposition before said justice in a cause pending in the S. J. court.

But the plaintiff insists that the defendant's mittimus does not make a *prima facie* justification for the defendant, because it is not therein alleged that the defendant was not interested in said cause. Based upon the decisions that nothing is to be presumed in favor of the jurisdiction of inferior courts, plaintiff's counsel make an elaborate and ingenious argument that, in the absence of this

negative averment as to interest in the cause, the mittimus is not *prima facie* a justification for the justice who issued it, and that the ruling of the presiding judge, that the burden of proving affirmatively that the justice was interested was upon the plaintiff, was erroneous. But if this were so, it would seem to follow that in every certificate of caption of a deposition the magistrate should aver, in the language of R. S., c. 107, § 2, that he was not interested, nor then nor previously counsel in the cause in which it is taken, in order to make the deposition admissible. But this is not required. R. S., c. 107, § 15.

Indeed, whenever a justice of the peace or trial justice acts judicially, he must be disinterested, within the meaning of R. S., c. 1 § 4, Rule XXII; and yet we should not regard his judgments as erroneous, because the record fails to assert that he was not connected with either of the parties, by consanguinity or affinity within the sixth degree, and that he had no pecuniary interest in the suit.

We think that, where a party relies upon a personal disqualification of the magistrate to invalidate his official acts, the burden is upon such party to establish it by proof, and not upon the magistrate to prove a negative.

The plaintiff has no just cause of complaint as to this matter. The mittimus shows the imposition of a fine of twenty dollars for the contempt, and a commitment, " until the fine and costs of commitment are paid." A question has been made, whether this mode of proceeding is authorized by the statute, R. S., c. 107, § 29, which says that the magistrate may " commit him (the recusant witness) to the prison of the county for contempt, as the supreme judicial court may commit a witness for refusing to testify."

R. S., c. 82, § 91, provides that, " when a witness in court refuses to answer such questions as the court allows to be put, he may be fined not exceeding twenty dollars, and committed until the fine and costs of commitment are paid."

The magistrate's action, in this respect, seems to have been conformable to law. See, in addition to the sections above quoted, their source in laws of 1847, c. 9, § 2.

The defendant was called as a witness by the plaintiff, to prove the relationship between himself and one of the parties to the suit in which the plaintiff's deposition was to be taken; and, after testifying that he did not know whether he was a cousin of the party, was asked whether he had ever stated to anybody that said party was his cousin. The question was objected to and excluded.

The presiding judge must have forgotten that the question was addressed to a witness who was also a party to the suit, and was not excused as well as not excluded from giving testimony.

The question called for evidence of admissions made by him as a party out of court, competent substantive evidence, irrespective of any tendency it might have to contradict the testimony he had just given respecting his knowledge of the relationship.

The opposite party, upon the stand, in this respect occupies a different position from a witness who is not a party.

The force and value of the admissions he may have made elsewhere are subjects for the consideration of the jury, and may depend upon his means of knowledge and the circumstances under which his admissions, if he has made any, were obtained. But it was clearly competent for the plaintiff to prove such admissions if he could, by the defendant or by any other witness, even against the defendant's denial or professions of ignorance. For this cause, the entry must be,

*Exceptions sustained.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.